In the Matter of John G. CLIFTON, Respondent.

No. 02S00–1006–DI–326.

Supreme Court of Indiana.

Dec. 8, 2011.

PUBLISHED ORDER APPROVING STATEMENT OF CIRCUM-STANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE

RANDALL T. SHEPARD, Chief Justice.

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits to seven counts of misconduct following the same basic fact pattern. In October 2, 2006, Respondent indicated to the Allen County Public Defender's Office that he was available to handle criminal appeals. He was at the time very inexperienced in appellate law and did not undertake a study of appellate law that would enable him to handle criminal appeals. Over the course of about one year, Respondent was appointed to represent seven criminal defendants in their appeals. In these cases, Respondent committed numerous violations of the applicable appellate rules, characterized by the Court of Appeals as substantial, glaring, and flagrant. In one case, he told his client that the case could not be appealed because he had entered into a plea agreement when, in fact, the appeal had been dismissed for noncompliance with the appellate rules. He failed to heed warnings in the Court of Appeals' decisions pointing out his deficiencies and caused additional, unnecessary work for the Court of Appeals and the Indiana Attorney General.

The parties cite the following facts in aggravation: (1) Despite being extremely inexperienced in appellate matters, Respondent did not undertake the study necessary to provide adequate representation to his clients; (2) Respondent did not undertake the necessary study even when the Court of Appeals gave him ample notice of his noncompliance with the appellate rules; and (3) his deficiencies caused additional, unnecessary work for the Court of Appeals. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent has taken steps to correct his failure to comply with the appellate rules in cases still pending before the Court of Appeals.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.4(a): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

3.4(c): Knowingly disobeying an obligation under the rules of a tribunal.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a 180–day suspension with automatic reinstatement. The

Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning January 20, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.